Paul A. Martineau, Esq. Village Attorney Village of Pleasantville
You request our opinion whether your village has power to declare an emergency under the provisions of the Emergency Tenant Protection Act of Nineteen Seventy-Four ("act") only in relation to housing accommodations in a building containing 20 or more housing units. The act was adopted as Chapter 576 of the Laws of 1974 and contains 14 consecutively numbered sections, commencing with number 1. It may also be found in McKinney's Unconsolidated Laws as §§ 8621-8634. The request and this opinion are confined to the question of whether the declaration of emergency can be made and regulations imposed only upon premises containing 20 or more housing units.
The act, by section 14, is applicable only to the City of New York and municipalities in the counties of Nassau, Westchester and Rockland. Since your village is in Westchester County, the village board has authority to act under section 3, which provides, in part, as follows:
"Local determination of emergency; end of emergency
 "a. The existence of public emergency requiring the regulation of residential rents for all or any class or classes of housing accommodations * * * shall be a matter for local determination within each city, town or village. Any such determination shall be made by the local legislative body of such city, town or village on the basis of the supply of housing accommodations within such city, town or village, the condition of such accommodations and the need for regulating and controlling residential rents within such city, town or village. A declaration of emergency may be made as to any class of housing accommodations if the vacancy rate for the housing accommodations in such class within such municipality is not in excess of five percent and a declaration of emergency may be made as to all housing accommodations if the vacancy rate for the housing accommodations within such municipality is not in excess of five percent.
 "b. The local governing body * * * having declared an emergency * * * may at any time, on the basis of the supply of housing accommodations within such city, town or village, the condition of such accommodations and the need for continued regulation and control of residential rents within such municipality, declare that the emergency is either wholly or partially abated * * *." (Emphasis supplied.)
Section 5 of the Act provides, in part, as follows:
"Housing accommodations subject to regulation
 "a. A declaration of emergency may be made pursuant to section three as to all or any class or classes of housing accommodations in a municipality, except:
* * *
 "(4) (a) housing accommodations in a building containing fewer than six dwelling units;" (Emphasis supplied.)
Section 10 of the act authorizes the State Division of Housing and Community Renewal to adopt regulations to assist in implementation of the Act. The regulations adopted for this purpose appear in 9 NYCRR §§ 2500.1 through 2508.2. They do not take up the question of, and neither the act nor the regulations define what is meant by, "class or classes of housing accommodations", yet the meaning of the term contains the key to the question presented.
"Class or classes of housing accommodations" could refer to the size of each residential unit in a building, the rental cost of a residential unit in the building, the age of the building in which the unit is contained, the materials of which the building containing the unit is constructed, the architectural design and layout of the building, the type of heat provided in each residential unit, the accessibility to local schools or churches or retail business establishments, recreation areas, etc. We conclude that the words apply to many of the foregoing matters and a substantial number of others. We further conclude that one of the dominant classifications applicable to housing accommodations is a categorization of the number of housing units in a building, as "building" is defined in the act.
Having reached the conclusion that the number of dwelling units in a building constitutes a category of "class or classes of housing accommodations", and applying that determination to section 3 of the act, it is our opinion that a village may make a determination that there is a public emergency requiring the regulation of residential rents in the class of housing accommodations represented by housing accommodations contained in buildings containing 20 or more such units. The exemption of housing accommodations in a building containing fewer than six dwelling units, contained in section 5 of the act, does not constitute an indirect definition of "class or classes of housing accommodations"; rather, the exemption precludes including in any classification those buildings that contain fewer than six dwelling units. We conclude that a village may make a determination that there is a public emergency requiring the regulation of residential rents in the class of housing accommodations in buildings containing 20 or more such units.